IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

| CHARLES L. THOMASON, | : | |
|---|---|---|
| Plaintiff, | : | Case No. 3:19-cv-00930 |
| v. | : | Judge: Stivers |
| JOSEPH R.(sic) K. DREITLER, et al. | : | |
| Defendants. | : | |

**RESPONSE TO MOTION FOR EXTENSION OF TIME AND
TO MOTION TO PERMIT JURISDICTIONAL DISCOVERY**

Comes the Defendant, Joseph K. Dreitler, improperly named as Joseph R. Dreitler, by Counsel, and for his response to Plaintiff's motion for extension of time to respond to his motion to dismiss (DOC No. 12) and motion for jurisdictional discovery (DOC No. 11), states as follows:

Plaintiff Charles L. Thomason initiated this action in December of 2019, alleging that Defendants had defamed him by posting comments in an online, non-commercial forum maintained by an attorney in Massachusetts. Because the Defendants resided in Ohio (Defendant Dreitler), California (Defendant Reidl), and New York (Defendant Paine), and because they had no sufficient contacts with the Commonwealth of Kentucky to allow the exercise of personal jurisdiction, Defendants immediately filed motions to dismiss. (DOC Numbers 8, 7, and 10, respectively). Plaintiff has now requested an extension of time to respond to these motions, and the opportunity to conduct jurisdictional discovery into the Defendants' contacts with persons or firms in Kentucky. Defendants do not object to Plaintiff having an additional seven (7) days to respond to the motions to dismiss, but

1

Plaintiff should not be permitted to drag Defendants through costly and time-consuming discovery based upon the fact that some of their social media contacts reside in Kentucky.

Where a defendant has moved to dismiss for lack of personal jurisdiction, the Court may proceed in one of three ways. It may rule upon the motion based solely upon the contents of the parties' declarations, permit jurisdictional discovery to assist the Court in deciding the motion, or hold an evidentiary hearing into disputed facts. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). The Court has broad discretion to determine which option is appropriate, and such determination will only be disturbed on appeal for abuse of discretion. *Id.* The denial of a motion for jurisdictional discovery is not an abuse of discretion where "there is no reasonable basis to expect that further discovery would reveal contacts sufficient to support personal jurisdiction." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229 (6th Cir. 1981).

In the subject case, the Court may reasonably rule upon the motions to dismiss based upon the contents of the parties' declarations. However, Plaintiff would have the Court rule that jurisdictional discovery is appropriate. In support of this argument, Plaintiff states that the Defendants maintain social media and/or LinkedIn pages with over 500 contacts, some of whom reside in Kentucky, or who are affiliated with firms present in Kentucky. Plaintiff believes jurisdictional discovery into the nature of these contacts is needed to allow him to show a "persistent course of conduct" by the Defendants for purposes of establishing jurisdiction under KRS 454.210(a)(4). As all of the parties to this proceeding are attorneys, it should not be necessary for Defendants to point out that Plaintiff should be able to present at least a colorable basis for the exercise of personal jurisdiction simply by virtue of having filed a Complaint with this Court. Notwithstanding

4811-4112-8627, v. 1

this fact, Plaintiff's argument that he should be permitted to gather facts regarding a "persistent course of conduct" is not well-taken, for two reasons.

First, while Plaintiff is correct that the Kentucky long arm statute allows the exercise of personal jurisdiction over an out-of-state defendant for conduct occurring outside Kentucky, Plaintiff fails to consider the requirements of both parts of this statutory subsection. KRS 454.210(2)(a)(4) allows exercise of jurisdiction over one who causes tortious injury by an act outside the Commonwealth if the Defendant:

> regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth, **provided that the tortious injury occurring in this Commonwealth arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth…**

KRA 454.210(2)(a)(4). Emphasis added. Stated more simply, for the exercise of personal jurisdiction under this section of the Long-arm statute, the alleged injury must <u>arise out of</u> Defendants' "persistent course of conduct." Moreover, under KRS 454.210(2)(b), only a claim arising from acts enumerated in the long-arm statute may be asserted against the Defendants.

Here, Plaintiff seeks jurisdictional discovery in the hopes of stumbling upon a persistent course of conduct between Defendants and their Kentucky-based social media contacts. But if Plaintiff wishes to have the Court exercise personal jurisdiction over Defendants under this section, the alleged injury must arise out of Defendants' course of conduct or derivation of revenue in Kentucky. The only alleged act by any Defendant in this case is the posting of a comment in a non-commercial, Massachusetts-based internet forum. Plaintiff does not allege that these postings, or the harm which allegedly resulted, are in any way connected to Defendants' social media or LinkedIn contacts. Clearly,

jurisdictional discovery into Defendants' relationships with Kentucky residents or businesses will not cure this deficiency under the Long-arm statute.

Plaintiff encounters a similar failure under the due process analysis. As stated in Defendant Dreitler's memorandum of law in support of motion to dismiss, Plaintiff must show not only that Defendants have significant contacts with Kentucky and/or its residents, but also that the claim <u>arises out of</u> Defendants' contacts with the forum. Even if jurisdictional discovery revealed a social or professional connection between any of the Defendants and persons or entities based in Kentucky, Plaintiff does not, and cannot, allege that the internet comments arise out of these contacts.

The Court has sufficient information from the parties' declarations to rule upon the motions to dismiss, and, as in *Chrysler,* should determine that "there is no reasonable basis to expect that further discovery would reveal contacts sufficient to support personal jurisdiction." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229 (6th Cir. 1981). Moreover, "although a plaintiff should not be denied access to information necessary to establish [his] claim, neither may a plaintiff be permitted to go fishing…". *Surles v. Greyhound Lines, Inc.,* 474 F.3d 288 (6th Cir. 2007). No amount of fishing into Defendant's tenuous social media or LinkedIn contacts with persons in Kentucky will create an "arising out of" connection where none is alleged to exist. Defendant therefore respectfully requests that Plaintiff be afforded only seven (7) additional days to respond to the motions to dismiss, and that the motion for jurisdictional discovery be denied.

4811-4112-8627, v. 1

Respectfully Submitted By:

DANIEL E. MURNER    (No. 82715)
dmurner@landrumshouse.com
LACEY FIORELLA    (No. 92006)
lfiorella@landrumshouse.com
LANDRUM & SHOUSE LLP
P.O. Box 951
Lexington, KY 40588-0951
Telephone: (859) 255-2424

BY: s/Daniel E. Murner
    COUNSEL FOR DEFENDANT,
    JOSEPH K. DREITLER

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2020, I electronically filed the foregoing through the CM/ECF system, which will send a notice of electronic filing to:

Charles L. Thomason
6608 Harrods View Circle
Prospect, KY 40059
*Plaintiff, Pro Se*

I further certify that by agreement of the Defendants, the foregoing has been sent electronically to:

Paul W. Reidl
reidl@sbcglobal.net

Jenifer deWolf Paine
Jpaine@gmail.com

BY:  s/Daniel E. Murner
    COUNSEL FOR DEFENDANT