U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY (Louisville)

| | |
|---|---|
| **Charles L. Thomason,**<br>    Plaintiff,<br>v.<br><br>**Joseph K. Dreitler,**<br>**Paul W. Reidl, and**<br>**Jenifer deWolf (Paine),**<br>    Defendants. | 3:19-cv-0930-GNS |

## PLAINTIFF'S RESPONSE AND NOTICE OF CROSS-MOTION
## TO RULE 12(b)(2) FILING OF DEFENDANT deWOLF [*Dkt. #37*].

Plaintiff responds to the untimely motion of defendant deWolf, and in the alternative, presents this cross-motion, pursuant to Rule 12(i), FED. R. CIV. PROC., to defer determination on the matters raised in defendant's motion [*Dkt. #37*].

The response and the cross-motion are supported by the following points and authorities. A proposed form of Order is provided.

Default by Untimely Filing.

Defendant deWolf waived the personal jurisdiction issue when no Rule 12(b)(2) motion was filed, per Rule 5(d), FED. R. CIV. PROC., no later than "14 days from the date of" this Court's Order [*Dkt. #33*] entered on July 6, 2020.

A civil defendant waives the ability to challenge personal jurisdiction by failing to raise it timely in a motion. Rule 12(h)(1), FED. R. CIV. PROC., "... A party waives any defense listed in Rule 12(b)(2)–(5) by: ...(B) failing to ...: (i) make it by motion." Objecting to "personal jurisdiction ... can, like other such rights, be waived." *Ins. Corp. of Ireland v. Compagnie des*

*Bauxites de Guinee*, 456 U.S. 694, 703 (1982); *Taubman Co. v. Webfeats*, 319 F.3d 770, 772 (6th Cir. 2003)("waived any challenge he might have to the personal jurisdiction" of court).

The record reflects that defendant deWolf's papers were late because she put those in a mail box on Saturday the 18th, instead of using express mail or next-day delivery that would have assured delivery on the 14th day after the Court's order was entered.  There is no 'mail box' rule.  Papers not received by the deadline are untimely.  "If mailed, the filing is accomplished only when actually received by the clerk or when placed in the clerk's post office box. [*cit. om.*]. Filings reaching the clerk's office after a deadline are untimely, even if mailed before the deadline." *Torras Herreria y Construcciones, S.A. v. M/V Timur Star*, 803 F.2d 215, 216 (6th Cir. 1986).  Sending motion using basic "mail is risky because …[of] potential time bars in the event the documents never arrive, or arrive late as a result of slow postal procedures." 1–5 *Moore's Federal Practice – Civil* § 5.30 [1][a][i][B].[1]

Based on the foregoing, it is respectfully requested that the Court deem defendant deWolf's papers untimely, and rule that her challenge to personal jurisdiction waived.

<u>Cross-Motion to Defer.</u>

Were the Court to decide to accept defendant deWolf's untimely motion, then the plaintiff moves for action on that motion to be deferred, pursuant to Rule 12(i), FED. R. CIV. PROC.  *Serras v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989) ("a motion to dismiss brought under Fed.R.Civ.P. 12(b)(2) may be heard and determined before trial, but

---

[1]    A question exists as to when the Postal Service received defendant deWolf's mailing.  The postage label [*Dkt. #37, pg. 3*] does not have a U.S. Postal Service emblem [Compare, *Dkt. #10-3, pg. 3*].  That suggests that the date on the label was printed using an office postage meter, and the envelope put in the mail thereafter, rather than a USPS postage label printed at a post office and there and then the envelope put in the outgoing mail.

that the court has the power to defer hearing of evidence and a ruling on the motion until trial. Fed.R.Civ.P. 12(i).").  The untimely motion raises new issues and assertions about deWolf's persistent course of conduct, which require limited, written discovery to be served and answered before a response to the untimely motion can be presented.  *Clark v. Kolbell*, 2016 WL 304625, at *5 (Ky. Ct. App. Jan. 22, 2016) (reversing and remanding order "as to lack of personal jurisdiction under KRS 454.210(1)(a)4 for Clark to have an opportunity to conduct discovery on this issue.").

The well-pled allegations against defendant deWolf in the Amended Complaint, in particular in ¶¶ 79 – 100, should be accepted as true with all favorable inferences drawn therefrom.  Minimally invasive, written discovery requests to deWolf would complete the record, as appropriate.

For these reasons, the plaintiff prays that the untimely motion of defendant deWolf be ruled untimely and the issue waived.  Alternatively, plaintiff respectfully requests that determination of any remaining issue of personal jurisdiction concerning deWolf be deferred pending completion of limited, written jurisdictional discovery.

Respectfully submitted,

Date: 4 AUG 2020

~ S ~ /Charles L. Thomason/
Charles L. Thomason, plaintiff
(502) 349-7227

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing paper was filed with the Clerk of Court using the CM-ECF system of the Court, which shall transmit an electronic copy to all counsel and parties who have appeared, and that a true and complete copy of the papers also were served to defendant deWolf via U.S. mail to the address (below) provided on her motion papers:

>Defendant Jenifer deWolf Paine
>99 E. 4th St. #2D
>New York, Ny  10003

Date: 4 AUG 2020

By:  s/*Charles L. Thomason/*
Charles L. Thomason