U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY (Louisville)

| | |
|---|---|
| **Charles L. Thomason,** <br>     Plaintiff, <br> v. <br><br> **Joseph R. Dreitler,** <br> **Paul W. Reidl, and** <br> **Jenifer deWolf (Paine),** <br>     Defendants. | 3:19-cv-0930-GNS |

### MOTION FOR LEAVE TO FILE A SUR-REPLY.

<u>Meet & Confer Certification.</u>

The undersigned plaintiff made reasonable and good faith efforts to have defense counsel correct the record, including in an email exchange that included the example, excerpted below.

> From: -Lee Thomason [mailto:thomason@spatlaw.com]
> Sent: Monday, August 17, 2020 4:23 PM
> To: A. Hassan
>
> Please elaborate on your statement that:
> "LR 7.1 does not differentiate between pleadings and exhibits and states "motions and responses."
>
> Before I file a motion to strike or sur-reply, am I correct in stating that <u>your</u> statement is <u>your opinion</u> that the LR 7.1 page limit applies to:
> A) Exhibits
> B) a declaration
> c) both the declaration and the exhibits thereto?
>
> Thanks for your prompt reply in regard to the legal argument that underlies what you have argued to the Court.
> Lee Thomason

In that the matter was un-resolved, this motion is filed to correct the record in a surreply.

Procedural Status.   Each defendant filed its own Rule 12(b)(2) motion, and not on the same dates. Plaintiff filed a Declaration with exhibits as to defendants Reidl and Dreitler, and filed a brief in response to those defendants since one joined in the brief of the other. The argument portion of plaintiff's filing is less than twenty-five pages.

Now, counsel for defendant Reidl has argued that plaintiff's papers "should be stricken" because the ***exhibits*** to the declarations and response make the plaintiff's filing exceed the twenty-five page limit of Local Rule 7.1(d). Defendant Dreitler argued the same contention.

**Surreply.**

Local Rule 7.1(d) pertains to pages of argument. Exhibit pages are not counted against twenty-five page limit. Defense counsel's argument for counting the exhibit pages, and on that basis, for striking plaintiff's filing has no legal basis and is not warranted by existing case law. In an effort to resolve this issue, without the need for a surreply, plaintiff provided defense counsel with the following authorities.

The federal district court in Florida has a 25-page limit for motions, and a Judge there, in the *Pinkston* case, recognized that this page limitation does not include exhibits.

> "Neither Local Rule 3.01(a) nor the Case Management and Scheduling Order imply that exhibits are included in the page limit. Rather, the page limit applies only to the motion and incorporated memorandum of law. Exhibits are not included in the page limit. *See Williams v. Bank of Am. Corp.*, No. 3:15-cv-1449-J-39MCR, 2019 WL 4016474, at *1 (M.D. Fla. July 30, 2019)("The 25-page limit that applies to any motion and supporting legal memorandum as set forth in Local Rule 3.01(a), does not include any exhibits attached to the motion."), report and recommendation adopted as modified, No. 3:15-cv-1449-J-39MCR, 2019 WL 4016477 (M.D. Fla. Aug. 16, 2019). Here, USFBOT's motion and incorporated memorandum of law took up only twelve pages. (Doc. # 145). Thus, USFBOT did not violate the page limit."
> *Pinkston v. Univ. of S. Fla. Bd. of Trustees*, 2019 WL 4540357 (M.D. Fla. 2019).

Plaintiff suggested that defense counsel consider further the ruling from a Court in this Circuit, where that "Court directed Defendant's motion and Plaintiff's response to be 'limited to a 5 page limit,' and ... a discretionary '4 page reply.'"  The Court later noted, that as "docketed and inclusive of exhibits, the Defendant's motion spans 81 pages, Plaintiff's response spans 21 pages, and Defendant's reply offers another 15 pages."  That Court ruled that the page limit was not exceeded.  "If one subtracts 'motion' pages, exhibits, signature pages, and certificates of services, the parties' memoranda comply with the letter of the page restrictions if not precisely the spirit intended." *Faulkner v. Aero Fulfillment Sercvices*, 2020 WL 3048177 (S.D. Ohio 2020). Also cited to defense counsel was comment in a case in this Court, which referred to "the 123 pages of exhibits appended to Helena's motion for summary judgment" that this Court had accepted in *Miles Farm Supply, LLC v. Helena Chem. Co.*, 2008 WL 4561574 (W.D. Ky. 2008).

     Defense counsel provided <u>no</u> <u>authority</u> for its argument about limiting exhibit pages or striking a paper with exhibits, stating only that it was 'his interpretation' of the local rule.

     Based on the foregoing points and authorities, the plaintiff moves to file this surreply so that the record is complete and correct.  The contention of defense counsel should be rejected.  Local Rule 7.1(d) allows a motion paper filing when the exhibits necessary to support that motion filing make the combined paper more than twenty-five pages.

     A proposed form of order granting leave to file this surreply is submitted herewith.

August 25, 2020

                                      Respectfully submitted,
                                      By:  s/*Charles L. Thomason*/
                                      Charles L. Thomason, plaintiff
                                      Prospect, KY 40059

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 25, 2020, the foregoing motion was filed with the Clerk of Court using the CM-ECF system of the Court, which shall transmit an electronic copy to all parties who have appeared by counsel, and that a true and complete copy of the paper also was served to the pro se defendant via the addresses (below) indicated on the docket sheet of the Court:

>Defendant Jenifer deWolf Paine
>by first class U.S. mail
>99 E. 4th Street  #2D
>New York City, NY 10003

>By: *s/Charles L. Thomason/*
>Charles L. Thomason