U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY (Louisville)

**Charles L. Thomason,**
    Plaintiff,
*v.*                                                           3:19-cv-0930-GNS

**Joseph R. Dreitler,**
**Paul W. Reidl, and**
**Jenifer deWolf (Paine),**
    Defendants.

---

### SUPPLEMENTAL CITATION OF AUTHORITY.

<u>Procedural Status.</u>   Defendants' motions are pending, and therein, are argument about the decision of an administrative body. Now, U.S. Court of Appeals for the Federal Circuit has issued a panel decision reviewing the administrative ruling, that ruling being the focus of the comments alleged to be defamatory and defamatory per se in the First Amended Complaint. Plaintiff therefore presents this supplemental citation of authority.

<u>Supplemental Citation</u>. The Federal Circuit has direct review jurisdiction over rulings of the Trademark Trial and Appeal Board (TTAB). In a precedential decision, the Circuit Court now has addressed two questions: (1) the legal and statutory standard to plead standing before the TTAB to seek cancellation of an existing trademark registration, and (2) whether the terminating sanction was appropriate.

In its decision, *Corcamore, LLC v. SFM, LLC*, ____ F.3d ____, No. 2019-1526, 2020 WL 6277728 (Fed. Cir. Oct. 27, 2020), the panel began its discussion of "standing" to seek relief from the administrative body, stating "We first observe that there exists confusion in the law stirred by the inconsistent use of the term 'standing.'" Elemental to that "confusion" was that the statutory standard, set out in 15 U.S.C. §1064, was that the U.S. Supreme Court's unanimous

*Lexmark* decision not interpreted consistently in decisions of the U.S. Court of Appeals for the Federal Circuit, or administrative rulings of the TTAB.  The *Lexmark* decision was followed by the U.S. Court of Appeals for the Fourth Circuit, and the U.S. District Court for the Eastern District.  However, in the case the prompted this suit, the TTAB repeatedly refused to consider the decisions of the Supreme Court, the Fourth Circuit, and the Eastern District of Virginia (that had reversed the TTAB ruling on standing; note: by statute, that district court and the Fourth Circuit have direct review over TTAB rulings).

The TTAB stridently had refused to consider *Lexmark* or any of the on-point decisions of the district and Fourth Circuit courts, ruling that the administrative panel would "not consider a decision by a district court or that district court's primary reviewing court which may appear to apply or analogize" the two-prong standard for standing set out in the unanimous Supreme Court decision in Lexmark."

The Federal Circuit now has held the TTAB was wrong to disregard *Lexmark*, and concluded that the *Lexmark* two-prong test for standing applies to trademark cancellations proceedings.  "The Board's conclusion to the contrary fails to recognize that *Lexmark* binds all lower courts … with respect to the analytical framework the Court used to reach its decision [and] … *Lexmark* established the analytical framework to be used for determining eligibility requirements for all statutory causes of action, including under [15 U.S.C.] § 1064."

In express agreement with appellant Corcamore's primary contention, the panel decision stated "We thus hold that the *Lexmark* zone-of-interests and proximate-causation requirements control the statutory cause of action analysis under § 1064." *See, e.g.*, ¶19 First Amended Complaint.

The published comments of defendants, at issue here, harshly denounced appellant's counsel who made three successive motions urging the TTAB to follow *Lexmark* and apply its two-prong framework, as had been done by two Article III courts   Among other comments, Defendant Dreitler asserted that the TTAB "certainly ought to sanction any attorney for such behavior," and Defendant Reidl wrote "I agree with" Dreitler, and Reidl added that Corcamore "knew nothing about TTAB procedures."  Defendant deWolf called it "unprofessional."

Now, the Federal Circuit panel decision agrees with the arguments that urged that *Lexmark* two-prong framework in those three motions that the undersigned plaintiff, who was appellant's counsel presented to the TTAB, and held that the administrative Board was in error refused even to "consider" precedent from the Supreme Court that the Fourth Circuit and federal district court has followed.  The Federal Circuit essentially ruled that the three motions were well-grounded and that the arguments presented should have been considered, and accepted.

<u>Conclusion</u>.  As indicated in a prior filing here, the Court of Appeals decision could impact the civil case here, and so, this supplemental citation is submitted.  It may well signal an appropriate juncture to refer this case to the Magistrate Judge for an early neutral evaluation.

October 30, 2020

                                        Respectfully submitted,
                                        By:  s/*Charles L. Thomason*/
                                        Charles L. Thomason, plaintiff
                                        Prospect, KY 40059

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 30, 2020, the foregoing paper was filed with the Clerk of Court using the CM-ECF system of the Court, which shall transmit an electronic copy to all parties who have appeared by counsel, and that a true and complete copy of the paper also was served to the pro se defendant via the addresses (below) indicated on the docket sheet of the Court:

>Defendant Jenifer deWolf Paine
>by first class U.S. mail
>99 E. 4th Street  #2D
>New York City, NY 10003

October 30, 2020

>By: *s/Charles L. Thomason/*
>Charles L. Thomason